**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Resource Recovery Corporation,<br><br>                Plaintiff,<br>vs.<br><br>Inductance Energy Corporation, et al.,<br><br>                Defendants. | No. CV-20-00764-PHX-SPL<br><br>**ORDER** |

**I.   BACKGROUND**

On April 20, 2020, Plaintiff filed a Complaint against Defendants seeking to enforce a "Terms Sheet" (which expressly contemplated, and laid out the terms of, a later Final Settlement Agreement) entered into by the parties following a mediation. (Doc. 1 at 2). The Complaint seeks to enforce the Terms Sheet, alleging that "Defendants have unaccountably repudiated the validity of the agreement and refused to pay." (Doc. 1 at 2).

On June 17, 2020, Plaintiff filed a Motion for Summary Judgment alleging that "the four corners of the Term Sheet and the undisputed documentary evidence show that the Term Sheet is binding and enforceable, jointly and severally, against all Defendants as a matter of law" and that "[n]o amount of discovery can change this conclusion." (Doc. 28 at 4). Thus, Plaintiffs assert that because the parties all agreed to be bound by the Terms Sheet, the Court must enforce the agreement—even though the Final Settlement Agreement ("FSA") was not later executed. (Doc. 28 at 3, 5, 8).

On July 17, 2020, Defendants filed a "Motion to Strike Plaintiff's Motion for

Summary Judgment Or, Alternatively, Rule 56(d) Relief," arguing that Plaintiff's Motion was "impermissibly premature" because "there has been no discovery conducted whatsoever in this case." (Doc. 36 at 2). Defendants submit a declaration of Tyler Q. Swensen, Defendants' attorney, identifying depositions that need to be taken (namely of the signatories to the Terms Sheet) to establish "the intent and understanding of the various signors of the Term Sheet as to its meaning and effect." (Doc. 37); (Doc. 36 at 2). For the foregoing reasons, the Court will grant Defendants' request for Rule 56(d) relief.

## II.    LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

Federal Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). The Rule is "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A party seeking Rule 56(d) relief must "explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[ ] for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original); *see also Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989) (finding that a party opposing summary judgment under Rule

56(d) must "show how additional discovery would preclude summary judgment and why [it] cannot immediately provide specific facts demonstrating a genuine issue of material fact") (internal quotations omitted).

### III.    ANALYSIS

"Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties." *First Nat. Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1065 (9th Cir. 2011). Additionally, "[w]hether the parties *intended* only to be bound upon the execution of a written, signed agreement is a factual issue." *Callie v. Near*, 829 F.2d 888, 890–91 (9th Cir. 1987) (emphasis in original). Thus, summary judgment is improper where differing views of the parties' intent raise a genuine issue of fact. *U.S. v. Sacramento Municipal Utility Dist.*, 652 F.2d 1341, 1344 (9th Cir.1981) ("[S]ummary judgment is improper as differing views of the intent of parties will raise genuine issues of material fact."). Here, there remains a factual dispute regarding whether the contract is itself binding or is conditioned upon the execution of an FSA, for which further discovery is needed to resolve.

On the one hand, the Terms Sheet states that "[b]y signing this document, the parties agree to be bound by the terms set forth herein." (Doc. 1-9 at 3). On the other hand, the Terms Sheet also states that the terms "will be incorporated within a final settlement agreement," that payment is due "after the signing of the final settlement agreement," and that the parties "shall provide a final settlement agreement." (Doc. 1-9 at 2, 3). This contradictory language of the Terms Sheet evinces an ambiguity on the agreement's face regarding whether the parties intended it to be binding or instead conditioned on the execution of an FSA. The existence of such ambiguity precludes summary judgment. *See Tabler v. Indus. Comm'n of Arizona*, 202 Ariz. 518, 522 (Ct. App. 2002) ("[W]ithout a clear factual finding establishing the parties' intent, a correct legal conclusion cannot be made regarding the existence or non-existence of a binding [] contract."). Further, Defendants have adequately addressed why additional discovery (*i.e.*, the depositions of the Terms Sheet signatories) is necessary to resolve this ambiguity and "justify [their]

3

opposition" to summary judgment. Fed. R. Civ. P. 56(d). Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment Or, Alternatively, Rule 56(d) Relief (Doc. 36) is **granted in part** as to Defendants' request for Rule 56(d) relief.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 28) is **denied without prejudice**.

Dated this 21st day of October, 2020.

Honorable Steven P. Logan
United States District Judge