# EXHIBIT A

| | |
|---|---|
| Message | |
| From: | Joshua Wurtzel [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0C579BC1594D482390763269F1E86BF3-JOSHUA WURT] |
| Sent: | 3/11/2020 2:17:45 PM |
| To: | TIMCHAK, DAVID [DTIMCHAK@fclaw.com] |
| BCC: | Joshua Wurtzel [jwurtzel@schlamstone.com] |
| Subject: | RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797] |

Our two main lawsuits are against Wyo Tech and Inductance, so they are getting the lion's share of the benefit of this deal. And under the term sheet, we are assigning our $7mm+ judgment against Danzik to Hinz (or a designee of his choosing), so he is also getting a personal benefit from the agreement. Thus, I find it very hard to believe that a court will have trouble understanding why Wyo Tech, Inductance, and Hinz are liable for the terms in the term sheet that they signed, including the payment term.

We're not agreeing to a de facto arbitration. Your clients will either adhere to the term sheet or they won't. It's that simple. If you think having Judge Schneider speak to your clients again will be productive, then go ahead. But there is nothing for him to decide, nor are we willing to budge on this. It must be obvious to you why making RDX the only party responsible for the payment is worthless to us, and the equivalent of having no agreement at all.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

**SCHLAM STONE & DOLAN LLP**
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

---

**From:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Sent:** Wednesday, March 11, 2020 2:11 PM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

I could not disagree more. Without fully getting into-as that seems wildly unproductive—and without waiving any arguments, suffice it to say Hinz is not a party to any of the lawsuits or any of the disputes, he signed as a representative of the various companies that are, not personally.

In an effort to put this to bed without wasting judicial resources, why don't we just have a call with Schneider, who was actually in the room and privy to the agreement and discussions related thereto and have him decide?

Thanks,

David A. Timchak

David Andrew Timchak, Associate
T: 602.916.5407 | F: 602.916.5607
dtimchak@fclaw.com

---

**From:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Sent:** Wednesday, March 11, 2020 10:29 AM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

The term sheet did not limit the payment obligation to only RDX. Hinz, Wyo Tech, and Inductance all signed the term sheet and agreed to be bound by all of its terms, which includes the payment term. Thus, we are not talking about a personal guarantee—we are talking about maintaining their responsibility for a payment they already signed onto in the term sheet. In contrast, signing an agreement that limits the obligation to pay to only RDX is a change to the term sheet.

Further, as you know, we already have a $7mm+ judgment against RDX, on which we have been unable to collect. And RDX has twice filed for Chapter 11, disclosing virtually no assets. Thus, having only RDX on the hook for the payment is the equivalent of having no one on the hook; and had you proposed this limitation at the mediation or in the term sheet, we certainly would not have agreed.

This is unfortunately a deal breaker for us. I also understand that your side made some comments about not making any payments until you settle with GEM. That is obviously not part of the deal; and if that is what your side's intention is, then it is even more critical that warm bodies be responsible for the payment. If your side will honor its obligations under the term sheet and make Hinz, Wyo Tech, and Inductance all liable for the payment, then we can execute this further agreement. If not, then we'll unfortunately have to litigate this issue.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

**SCHLAM STONE & DOLAN LLP**
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

---

**From:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Sent:** Wednesday, March 11, 2020 1:17 PM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

Josh:

As my automatic reply indicated, I have been out of the office for the last few days.

As you should be aware, the Term Sheet does not include any language whatsoever regarding a personal guaranty. Indeed, the idea of a personal guaranty was not even raised or discussed in the mediation itself.

Attached is the latest version of the settlement agreement (the clean version you sent me) editing the payment obligation to be consistent with the understanding at mediation that the payment obligation would be born only by the company making the payment, RDX.

We can in all likelihood get this signed today. As such, I do not see the need for any filing.

Thanks,

David A. Timchak


**David Andrew Timchak, Associate**
T: 602.916.5407 | F: 602.916.5607
dtimchak@fclaw.com

**From:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Sent:** Wednesday, March 11, 2020 9:45 AM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

I just left you a v/m to give you a courtesy heads up that we are filing a motion this morning in the interpleader action for a pre-motion conference with Judge Lanza to discuss our contemplated motion to enforce the term sheet against Inductance, Wyo Tech, and Bill Hinz. Henk will send you a copy of the papers as soon as they are filed. I'm disappointed that this is where this path has led. I'm on my cell if you want to speak.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

**SCHLAM STONE & DOLAN LLP**
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Joshua Wurtzel
**Sent:** Thursday, March 05, 2020 9:31 AM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

Just left you a v/m. Please give me a call to discuss. Who are you proposing be responsible for the payment obligation? Are you proposing that it be just Inductance and Wyo Tech, but not Hinz? Or are you saying that none of them will be

responsible for the payment? If the latter, then who is making the payment? Please call me on my cell this morning to discuss. 516-528-9944. Thanks.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

## SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Joshua Wurtzel
**Sent:** Wednesday, March 04, 2020 12:00 PM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

Following up. Please call my cell.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

## SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Joshua Wurtzel
**Sent:** Tuesday, March 03, 2020 5:53 PM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

Can you give me a call on my cell? I appreciate your efforts to try to get beyond this issue, but the refusal of the people and entities that will presumably be responsible for making—or at least directing—the payment to agree to be responsible for that payment is very concerning. The conditions we have to meet to have the payment made are the execution of documents that will be executed and provided to you at signing. So I can't understand what the issue is, or why—if the payment will be made in accordance with the agreement—the people who make the decision to pay won't sign on. Who will be actually making the payment? And where will that money be coming from? Does the money actually exist?

You have to understand that if the payment is *not* made and we waive our ability to sue any of the companies and the one individual we understand have money, then we have no meaningful recourse under this agreement. And the reluctance of anyone to take responsibility for making this payment is problematic because it makes us ask why that is the case if indeed the payment will be made.

Please give me a call so we can discuss. I expect this is a deal breaker for us, both for the legal reasons I have identified as well as for the practical reasons.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

# SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

---

**From:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Sent:** Tuesday, March 03, 2020 5:42 PM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

Josh:

The full information for the attorney who will be representing Canada Corp is as follows:

Lawrence Palles
Moyes Sellers & Hendricks
1850 N. Central Avenue, Suite 1100
Phoenix, Arizona 85004-4541
(602) 604-2171
lpalles@law-msh.com

As to the issue regarding the personal guarantees for the payment what I stated previously was that the issue was being presented to the board for approval, *not* that it had been agreed to. As you are aware, this was aimed at hopefully speeding up the process.

In any event, I think I have a solution to get this agreement finalized and out for signature by Thursday March 5, 2020.

It is clear that we are in disagreement over whether the term sheet included the responsibility for payment by everyone including individuals on our side. Given the fact that it was understood throughout the negotiations that the payment would be coming from a single entity I am entirely unsure how it could be perceived as including personal guarantees since this was not expressly agreed to or indeed, to my knowledge, even brought up at any point during the mediation. This is especially true given the fact that

the majority of the individuals were not present or represented during the mediation. This goes even more so for Mr. Hinz who was not personally represented at the mediation and is not party to any lawsuit in a personal capacity.

Given the fact that the best route to alleviate prior disagreements has been to stick to the term sheet, and given this disagreement as to what the term sheet included regarding personal guarantees, I suggest that we have a call with the mediator on Thursday with the agreement that the mediator decides if the term sheet includes or does not include personal guarantees of the payment (unfortunately I am tied up for the rest of the day and tomorrow). If this approach is agreeable to you I am sure I can get it agreed to by Inductance before the call and this will put this issue to bed. We can adjust the one section after the call based on the mediators decision and have it out for signature the same day.

Let me know your thoughts.

Thanks,

David A. Timchak

---

**From:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Sent:** Tuesday, March 3, 2020 8:03 AM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** Re: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

Following up on the voicemail I just left. Please give me a call on my cell at 516-528-9944. As I said below, we were under the impression that the responsibility for the payment had already been agreed to, consistently with the term sheet. And it was in exchange for your side's adherence to the term sheet on this that we also agreed to adhere to the term sheet's 60-day period.

Let's get this finalized and into our clients' hands for signature. Please give me a call to discuss finalization and next steps.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

On Mar 2, 2020, at 4:40 PM, Joshua Wurtzel <jwurtzel@schlamstone.com> wrote:

**David Andrew Timchak,** Associate
T: 602.916.5407 | F: 602.916.5607
dtimchak@fclaw.com

OK, can you send me their full info to put in the stip?

What is the holdup on the guarantee issue? I thought that was agreed last week? As long as the payment is made, this is a nonissue...

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

<image001.png>

CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Sent:** Monday, March 02, 2020 4:29 PM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

The attorney will be Larry Palles of Moyes Sellers and Hendricks. He has agreed to do the representation but an engagement has not been executed yet.

I am waiting to get confirmation regarding the personal guaranty issue.

Thanks,

David A. Timchak

**David Andrew Timchak,** Associate
T: 602.916.5407 | F: 602.916.5607
dtimchak@fclaw.com

**From:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Sent:** Monday, March 2, 2020 2:02 PM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

Following up on this. Where are we with the counsel information for the Canadian entity? And do you have signature pages from your side, or will you be able to get them today; or if not today, then tomorrow? Let's get this wrapped up.

As far as I understand from our discussion last week, the counsel information for the Canadian entity is the sole outstanding issue, and then this is final.

Please call my cell or shoot me a note back with status.

Thanks.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

<image001.png>

CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Joshua Wurtzel
**Sent:** Friday, February 28, 2020 3:16 PM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

As discussed, attached is a further revised draft with the changes below made. Other than changing the date on the agreement to March 2, I did not make any changes other than the ones we discussed below, so the attached is clean. From my standpoint, the sole outstanding issue is the counsel information for the Canadian entity on the two stipulations of substitution.

Once you have that information, please add it in to the agreement (or send to me to add in) and we will have a proposed final agreement for circulation to all the clients for signature, with the goal being to exchange signature pages and executed stipulations on Monday.

Call my cell if any issues.

Thanks.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

<image001.png>

CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Joshua Wurtzel
**Sent:** Friday, February 28, 2020 12:28 PM
**To:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Subject:** RE: 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

David,

A few questions on this below. Please give me a call on my cell when you can so we can just walk through these things.

1. Paragraph 1 says the $2.5mm will be made by RDX. Is that really where the money is coming from? Why is that? Regardless, since only Inductance, Wyo Tech, and Hinz will be liable for this payment, I propose we change it to say that "Inductance, Wyo Tech, and Hinz will deposit, or cause to be deposited…" Then they can get the money from wherever they want. But it is odd to me to make the obligation to pay RDX's when it is Wyo Tech, Inductance, and Hinz that will be responsible for the payment—and presumably the source of the payment as well.

2. You keep changing Inductance to Inductance Energy Corporation throughout the agreement. Inductance Energy Corporation is defined as "Inductance" at the beginning, so we should just say "Inductance" throughout, unless I am missing something.

3. In paragraph 1, you changed Wilenchik & Bartness to Wilenchik & Foster—is that a mistake, or did the firm change its name?

4. In paragraph 15, the second to last sentence should omit at the end "including the payment in paragraph one."

5. We need counsel information for 11899830 CANADA INC. Since the stips will be executed at the time of signing, this needs to be worked out now. If you guys need more time on this, then I suggest your firm do this and sign the stip, and you can always get substituted out between now and when the stip will get filed.

6. On Appendix H, it should just say "INTENTIONALLY OMITTED," rather than be left blank.

7. If you are waiting on a resolution from Inductance today, can we agree to get this signed (including all the attachments executed) over the weekend and then swap signature pages on Monday morning?

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

<image001.png>

CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** TIMCHAK, DAVID <DTIMCHAK@fclaw.com>
**Sent:** Friday, February 28, 2020 11:45 AM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Subject:** 02-28-2020 Settlement Agreement - DAT Edits.DOCX [FC-Email.FID10432797]

It is my understanding that this will be the final version. I will let you know once I have approval of the liability issue which should be today.

Thanks,

David A. Timchak

**David Andrew Timchak,** Associate

<image002.png>

2394 East Camelback Road, Suite 600, Phoenix, AZ 85016-3429
T: 602.916.5407  | F:  602.916.5607
dtimchak@fclaw.com  |  View Bio

<image003.png>            <image004.png>            <image005.png>            <image006.png>

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.