**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Resource Recovery Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Inductance Energy Corporation, et al.,<br><br>        Defendants. | No. CV-20-00764-PHX-SPL<br><br>**ORDER** |

**I.**     **BACKGROUND**

On April 20, 2020, Plaintiff filed a Complaint against Defendants seeking to enforce a preliminary "Terms Sheet" (which expressly contemplated, and laid out the terms of, a later Final Settlement Agreement) entered into by the parties following a mediation. (Doc. 1 at 2). The Complaint seeks to enforce the Terms Sheet, alleging that "Defendants have unaccountably repudiated the validity of the agreement and refused to pay." (Doc. 1 at 2).

On June 17, 2020, Plaintiff filed a Motion for Summary Judgment alleging that "the four corners of the Term Sheet and the undisputed documentary evidence show that the Term Sheet is binding and enforceable, jointly and severally, against all Defendants as a matter of law" and that "[n]o amount of discovery can change this conclusion." (Doc. 28 at 4). Thus, Plaintiffs assert that because the parties all agreed to be bound by the Terms Sheet, the Court must enforce the agreement—even though the Final Settlement Agreement ("FSA") was not later executed. (Doc. 28 at 3, 5, 8). Defendants concede the parties intended for the Terms Sheet itself to be binding, but assert that "the parties agreed

that they would not pick the identity of the payor of the $2.5M, and would defer that decision for future negotiations." (Doc. 78 at 2). Defendants therefore argue that, in light of this missing material term, the Court cannot enforce the Terms Sheet.

On July 17, 2020, Defendants filed a "Motion to Strike Plaintiff's Motion for Summary Judgment Or, Alternatively, Rule 56(d) Relief," arguing that Plaintiff's Motion was "impermissibly premature" because "there has been no discovery conducted whatsoever in this case." (Doc. 36 at 2). On October 22, 2020, this Court granted Defendant's request for Rule 56(d) relief because "Defendants have adequately addressed why additional discovery (*i.e.*, the depositions of the Terms Sheet signatories) is necessary to resolve [ambiguity as to the parties' intent]." (Doc. 47 at 3).

Before the Court is Plaintiff's Renewed Motion for Summary Judgment (Doc. 75) and Defendants' Cross Motion for Summary Judgment (Doc. 78).

## II.   LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorable to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

## III.   ANALYSIS

All parties now agree that the Terms Sheet was binding and enforceable. (Doc. 82 at 9) (Defendants conceding that "[t]here is no dispute that all signatories agree the [Terms Sheet] is 'binding'"). The parties' remaining arguments are entirely legal: Plaintiffs argue that, although the parties agreed to negotiate the specific payor term at a later date, the

parties also agreed the Terms Sheet would be binding and thus all Defendants are jointly and severally liable for payment. (Doc. 75 at 2). In contrast, Defendants argue that, because the Terms Sheet was deliberately silent as to the specific payor and the parties expressly intended to negotiate the payor at a later date, there was no meeting of the minds on an essential term of the agreement, so the Court cannot enforce the agreement. (Doc. 78 at 15). Thus, there remain no factual issues in this case, and the enforceability of the Terms Sheet can be decided as a matter of law.

This case presents a close question. On one hand, the Terms Sheet includes many essential terms, namely consideration (the amount to be paid to CWT Parties in exchange for releasing all claims against the other parties) and the identities of the parties to the agreement. On the other hand, however, it is undisputed that the parties left the identity of the specific payor for future negotiation.

It remains true that "to create a contract . . . the minds of the parties must meet as to every essential term of the proposed contract." *Joseph, v. Donover Co.*, 261 F.2d 812, 820 n. 11 (9th Cir. 1958). The Ninth Circuit has held that "[i]f an essential element of a promise is reserved for future agreement by both parties there is no legal obligation until such future agreement is made." *Roth v. Garcia Marquez*, 942 F.2d 617, 627 (9th Cir. 1991). Additionally, specific performance will not be granted if the parties have not agreed on an essential or material term. *U. S. Employees of Lane County Credit Union v. Royal*, 44 Or. App. 275, 605 P.2d 754 (1980); *The Power P.E.O., Inc. v. Employees Ins. of Wausau*, 201 Ariz. 559, 563, ¶ 22, 38 P.3d 1224, 1228 (App. 2002) (stating specific performance is unavailable if the contract "leave[s] any material or essential term for future negotiation"); *see also* Restatement § 362 cmt. b ("If specific performance or an injunction is to be granted, it is important that the terms of the contract are sufficiently certain to enable the order to be drafted with precision."). However, "[i]f the term is not essential, then the contract will be deemed binding." *Roth*, 9942 F.3d at 627 (citing *Coronado Corp. v. Foodservice Equip.*, 783 F.2d 1323, 1325 (9th Cir. 1986)).

The Terms Sheet at issue in this case was silent as to which Defendant specifically

would make the $2.5 million payment to Plaintiffs. The issue here, then, is whether the payor term was essential to the Terms Sheet.

"Whether a term is essential can be resolved as a matter of law." *Hawaiian Triathlon Corp. v. Rayhigh, Ltd.*, 902 F.2d 39 (9th Cir. 1990). Generally, whether a contractual term is "essential" to the agreement "will vary widely according to the nature and complexity of each transaction and will be evaluated on a case by case basis." *Socarras v. Claughton Hotels, Inc.,* 374 So.2d 1057, 1060 (Fla. App. 1979). "Whether a term is essential depends upon the relative importance and the severability of the matter left to the future; it is a question of degree. . . . The importance of a term may depend in part on the intentions of the parties." *Hotel del Coronado Corp. v. Foodservice Equip*., 783 F.2d 1323, 1325 (9th Cir. 1986) (internal quotations and citations omitted).

Here, the Court finds as a matter of law that the payor in this case was not an essential term because the Court can fashion a remedy even absent that term. *See Doyle v. Doyle*, No. 1 CA-CV 06-0511, 2007 WL 5447054, at *4 (Ariz. Ct. App. July 17, 2007) ("[A] contract cannot be found if essential terms are so uncertain that there is no basis on which to determine a breach or fashion a remedy."). To be sure, the evidence clearly indicates that the parties did not reach an agreement as to the specific payor and instead intended to agree upon the payor at a later date. This Court can only fashion an appropriate remedy, then, if it is able to enforce the Terms Sheet despite the missing payor term. That begs the question: Does joint and several liability apply to breach of contract cases under Arizona law where a payor term is missing in the contract? The answer is unclear.

Under A.R.S. § 44–141, parties to a joint obligation are severally liable for the full amount of the obligation. *Cahn v. Fisher*, 167 Ariz. 219, 223, 805 P.2d 1040, 1044 (Ct. App. 1990). However, the statute has generally only ever been applied to hold that partners are jointly and severally liable for partnership debts. *See, e.g.*, *Chase Bank of Arizona v. Acosta*, 179 Ariz. 563, 568, 880 P.2d 1109, 1114 (Ct. App. 1994) (applying A.R.S. § 44–141 and holding that "[i]n Arizona, contrary to the common law, a general partner's liability for a partnership debt is joint and several."); *Faber v. Althoff*, 168 Ariz. 213, 220,

812 P.2d 1031, 1038 (Ct. App. 1990) (same); *Catalina Mortg. Co. v. Monier*, 166 Ariz. 71, 73, 800 P.2d 574, 576 (1990) (same); *In re Prestige Ltd. P'ship-Concord*, 205 B.R. 427, 433 (Bankr. N.D. Cal. 1997) (same).

Plaintiff does not provide, nor is the Court aware of, any Arizona caselaw extending the statute further to hold that joint and several liability can supply a missing payor term in a contract. But there are a few circumstances in which various other courts have applied joint and several liability to breach of contract cases. For example, the Court of Appeals for the District of Columbia Circuit has held that two parties to a contract were jointly liable, noting that "[t]he general rule is 'that the obligation created by the promise of several persons is joint unless the contrary is made evident.' Moreover, [where a] contract . . . discloses an undivided promise to pay the entire fee[,] [t]his negates the view that each member made a separate promise to pay a pro rata share." *Welch v. Sherwin*, 300 F.2d 716, 718 (D.C. Cir. 1962) (citing 2 Williston, Contracts § 323 (1936); *cf.* Restatement, Contracts § 112 (1932)). Because that case involved multiple obligors on the same contract and did not specify that each was liable only for a pro rata share of the attorney's fees at issue, the D.C. Circuit determined that the obligors were jointly liable for the entire fee. *Id.*

More recently, other courts similarly have held that joint and several liability may apply to breach of contract cases depending on the situation. *E.g.*, *ExxonMobil Corp. v. Elec. Reliability Servs., Inc.*, 868 F.3d 408, 420 (5th Cir. 2017) (holding that "[j]oint and several liability for a contractual claim depends on the relationship between the parties and the existence of a joint obligation").

Finally, and most relevant here, Utah courts have applied joint and several liability where multiple signatories to a single contract undertake a joint obligation to another party. *See, e.g.*, *Tel. Tower LLC v. Century Mortg. LLC*, 376 P.3d 333, 343 (Utah Ct. App. 2016) ("[A] joint and several contract is a contract made by the promisee with each promisor and a joint contract made with all the promisors, so that parties having a joint and several obligation are bound jointly as one party, and also severally as separate parties at the same time." (citing 12 Williston on Contracts, § 36:1 (4th ed. 2012))).

5

The language of the aforementioned cases, considered in conjunction with the language of A.R.S. § 44–141, suggest that this Court can apply joint and several liability to the contract in this case. All parties to the contract are identified in the Terms Sheet, and the Defendants jointly and indisputably agreed to be bound by the term stating that "[p]ayment of two-million-five-hundred-thousand ($2,500,000.00) [will be made] to CWT Parties counsel." (Doc. 1-9 at 2). Furthermore, it is axiomatic that "the primary purpose of the court in interpretation of a contract is to ascertain the parties' intention so as to give effect to that intention." 11 WILLISTON ON CONTRACTS § 32:2. The language of the Terms Sheet, the subsequent testimony of the parties, and the concession of Defendants, make clear that all parties intended to be bound by the terms of the Terms Sheet—including the $2.5 million payment term. *See, e.g.*, (Doc. 75 at 8-9) (Mr. Hinz testifying that he saw the Terms sheet "as a binding legal document and we were all obligated to, you know, meet those obligations;" Mr. Ker testifying that he believed the Terms Sheet was a binding and legal enforceable document; and Mr. Carrigan testifying that the Terms Sheet "was a binding document").

In light of the foregoing, and in the absence of disputed material facts, this Court concludes that the only equitable solution is to hold all Defendant signatories jointly and severally liable for the $2.5 million payment they all indisputably agreed to make.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 78) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Summary Judgment (Doc. 75) is **granted** consistent with this Order. The Clerk of Court shall enter judgment and terminate this case accordingly.

Dated this 8th day of June, 2021.

Honorable Steven P. Logan
United States District Judge