**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Resource Recovery Corporation,<br><br>                    Plaintiff,<br>vs.<br><br>Inductance Energy Corporation, et al.,<br><br>                    Defendants. | No. CV-20-00764-PHX-SPL<br><br>**ORDER** |

At issue in this case is a settlement agreement contemplating the payment of $2,500,000 to the Plaintiff. (Doc. 1). On June 8, 2021, this Court granted summary judgment in favor of the Plaintiff and found that the Defendants were jointly and severally liable for the payment. (Doc. 88). Defendants have appealed the judgment. (Docs. 98 & 99). Before the Court is Defendants' Joint Emergency Motion to Determine and Set the Bond (Doc. 104).

**I.     LEGAL STANDARD**

Federal Rule of Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). "District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Id.* (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)). "The court has broad discretion when setting the amount for

supersedeas bonds." *Acacia Rsch. Corp. v. Nat'l Union Fire Ins. Co.*, No. SACV 05-501 PSG MLGX, 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008) (citing *id.*).

## II. DISCUSSION

The parties have stipulated that the bond amount will be reduced by the amount of funds already held by the District of Arizona in another action before Judge Lanza (hereinafter the "interpleaded funds"). (Doc. 108). At issue are pre-judgment and post-judgment interest.

### a. Post-Judgment Interest

Plaintiff argue that, to the extent the interpleaded funds already include post-judgment interest, that interest amount already increased the amount credited towards the bond. (Doc. 109 at 3-4). Thus, to decrease the remaining bond amount by additional post-judgment interest "would be to erroneously give ***double credit*** to Defendants for already-incurred interest on the interpleaded funds." (Doc. 109 at 4) (emphasis in original). Plaintiff therefore requests that any bond amount includes 24 months of post-judgment interest, which would total $2,500. (Doc. 109 at 4). Defendants respond that no interest should be included in the bond amount because the interpleaded funds will continue to accrue interest at a higher rate than the interest accrued on the judgment in this matter. (Doc. 109 at 3-4). Thus, the interest that continues to accrue on the interpleaded funds will more than cover any post-judgment interest on the bond.

To account for the time an appeal takes, courts generally award two years of post-judgment interest. *See, e.g.*, *Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Ass'n*, No. C-97-2516 WHO, 2002 WL 202412, *5 (N.D. Cal. Feb 5, 2002) (concluding that "two years worth of postjudgment interest should be added to the amount of the supersedeas bond to allow an appropriate amount of time for the appeal"). Here, the Court agrees that the interpleaded funds have already accrued interest, the amount of which has been credited towards the bond. However, the interpleaded funds will *continue* to accrue interest, and the

interest will accrue at a rate of approximately $11.69 per day. (Doc. 110 at 2).[1] Because Plaintiff seeks only $2,500 in post-judgment interest, this amount will be more than covered by the interest that will continue to accrue on the interpleaded funds. Accordingly, the Court will not add an additional 24 months of interest to the bond.

### b. Pre-Judgment Interest

"Prejudgment interest is awarded as a matter of right on a liquidated claim." *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 544, 96 P.3d 530, 542 (Ct. App. 2004). Here, the Clerk of Court entered amended judgment on June 10, 2021 and awarded Plaintiff the $2,500,000 principal plus pre-judgment and post-judgment interest. (Doc. 96). Nonetheless, Defendants now argue that the bond should not include pre-judgment interest. (Doc. 104 at 3-4). Specifically, the Terms Sheet in this case stated that the principal was not due until after a Final Settlement Agreement was signed, which never happened, and also did not specify who would be liable for the payment, so the Court therefore supplied the missing payor term and held found Defendants jointly and severally liable. (Doc. 104 at 3-4). Defendants therefore argue that they were unable to make any payments until this Court rendered its judgment, so prejudgment interest is unwarranted.

Defendants assert that "pre-judgment interest is intended to compensate a plaintiff for delay in payment of a fixed sum." (Doc. 110 at 3). However, Defendants do not provide (nor is the court aware of) any authority instructing that, in a case where the payor term is unknown until the time of judgment, pre-judgment interest should be foregone. Rather, the law clearly states that the prevailing party is entitled to pre-judgment interest as long as the claim is liquidated. And the claim is liquidated here. "A claim is liquidated if the plaintiff provides a basis for precisely calculating the amounts owed." *John C. Lincoln Hosp.*, 208 Ariz. at 544, 96 P.3d at 542; *see also* Charles T. McCormick, *Handbook on the Law of Damages* § 54, at 213 (1935) (emphasis added) ("A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness,

---

[1] Plaintiff does not dispute this calculation.

3

without reliance upon opinion or discretion. Examples [include] claims upon *promises to pay a fixed sum*.") (emphasis added); *Arizona Title Ins. & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz. App. 486, 496, 484 P.2d 639, 649 (1971) (adopting McCormick's definition as the appropriate standard). Here, the amount owed is certainly $2,500,000. Plaintiff is therefore entitled to pre-judgment interest on that amount. Plaintiff calculates that amount to be $121,388.70, and Defendants do not contest this calculation. (Doc. 109 at 4).

**IT IS THEREFORE ORDERED** that Defendants' Emergency Motion to Determine and Set the Bond (Doc. 104) is **granted in part** and **denied in part**. The Motion is **granted** to the extent Defendant seeks to exclude post-judgment interest, but **denied** to the extent Defendant seeks to exclude pre-judgment interest.

**IT IS FURTHER ORDERED** that Defendants shall place a surety bond in the amount of $2,048,653.11 with the Clerk of Court according to the procedures required with the Clerk by **July 14, 2021**. Upon receipt of the bond by the Clerk of Court, the judgment against Defendant shall be stayed pursuant to Rule 62(b).

Dated this 7th day of July, 2021.

Honorable Steven P. Logan
United States District Judge

cc: Finance

4